**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| V.V.V. & SONS EDIBLE OILS LIMITED, a Public Limited Company, | No.   23-15532 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02961-DJC-CKD |
| v. | |
| MEENAKSHI OVERSEAS, LLC, a New Jersey Limited Liability Company, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Judge, Presiding

Argued and Submitted January 12, 2024
Pasadena, California

Before:  BOGGS,** RAWLINSON, and H.A. THOMAS, Circuit Judges.

In *V.V.V. & Sons Edible Oils Limited v. Meenakshi Overseas, LLC*, 946 F.3d

542 (9th Cir. 2019) ("*VVV I*"), Appellant V.V.V. & Sons Edible Oils Limited

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

(VVV) appealed the dismissal of its trademark claims for three marks: (1) the mark "IDHAYAM" for sesame oil products, Reg. No. 4,006,654 (the '654 Mark); (2) the mark "IDHAYAM" for a variety of cooking oil products, Reg. No. 4,225,172 (the '172 Mark); and (3) the mark "IDHAYAM SOUTH INDIAN DELITE" for a variety of cooking oil and staple food products, Reg. No. 4,334,000 (the '000 Mark). We reversed the district court's dismissal of VVV's claims as to the '654 Mark, and affirmed the district court's dismissal of the claims regarding the other two marks based on VVV's non-opposition to dismissal of those claims. *See id.* at 546–47.

On remand, the district court entered final judgment as to the dismissal with prejudice of all claims relating to the '172 and '000 Marks. VVV now appeals that judgment, contending that the district court misinterpreted the mandate to mean that it no longer had jurisdiction to consider claims relating to the '172 and '000 Marks. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023), we affirm.

The rule of mandate requires the district court to strictly comply with the mandate of the appellate court. *See id.* Particularly, "the mandate of an appellate court forecloses the lower court from reconsidering matters determined in the appellate court." *Id.* (citation and internal quotation marks omitted). Our mandate

in *VVV I* was clear.  We expressly reserved only the claims relating to the '654

Mark to be considered by the district court on remand.  *VVV I*, 946 F.3d at 547.

Under the mandate, the claims relating to the '172 and '000 Marks were

foreclosed.  *See id.*  The district court complied with the mandate in dismissing

those claims with prejudice.  We are not persuaded by VVV's arguments to the

contrary.

**AFFIRMED.**